FILED
CLERK
8/27/2013
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

------------------------------X
                              :
UNITED STATES OF AMERICA,     :
                              :   12-CR-361 (ADS)
          v.                  :
                              :   July 25, 2013
MICHAEL RIZZI,                :   Central Islip, New York
                              :
               Defendant.     :
                              :
------------------------------X

         TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
         BEFORE THE HONORABLE WILLIAM D. WALL
                UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For the Government:      UNITED STATES ATTORNEY
                         BY: CHRISTOPHER CAFFARONE, ESQ.
                         ASSISTANT U.S. ATTORNEY



For the Defendant:       SCOTT DRUKER, ESQ.
                         Kase & Druker
                         1325 Franklin Avenue
                         Garden City, New York 11530




Court Transcriber:       SHARI RIEMER
                         TypeWrite Word Processing Service
                         211 N. Milton Road
                         Saratoga Springs, NY 12866
```

Proceedings recorded by electronic sound recording,
transcript produced by transcription service

2

                              I N D E X

Defendant Sworn at Page 5

EXHIBITS                                        Marked   Received

1    Plea Agreement                               10

1  (Proceedings began at 11:50 a.m.)
2              THE CLERK:  Calling CR-13-361, <u>United States v.</u>
3  <u>Michael Rizzi</u>.
4              Counsel, please state your appearances.
5              MR. CAFFARONE:  Chris Caffarone for the United
6  States.  Good morning, Your Honor.
7              MR. DRUKER:  Good morning, Your Honor.  Scott Druker,
8  Kase & Druker, 1325 Franklin Avenue, Garden City for Mr. Rizzi.
9              THE COURT: Good morning, Mr. Druker.  Have a seat.
10 You know you've been in this business too long when your
11 friend's sons start appearing in court.
12             We had scheduled this matter for a plea but prior to
13 that we have to arraign the defendant on the information.
14             So, Mr. Druker, have you explained the charges
15 contained in the information to your client?
16             MR. DRUKER: Yes, I have.
17             THE COURT: Are you satisfied that he understands
18 them?
19             MR. DRUKER: Yes.
20             THE COURT: I've also been presented with a Plea
21 Agreement.  Have you reviewed that with Mr. Rizzi and are you
22 satisfied that he understands it?
23             MR. DRUKER: Yes, I have and he understands.
24             THE COURT: Very good.  Mr. Rizzi, before accepting
25 your guilty plea -- you can sit down, please, for the time

1 being.

2 　　　　　Before accepting your guilty plea there are a number
3 of questions I must ask you to assure that it's a valid plea.
4 If you do not understand any of my questions please say so and
5 I'll reword the question.  Do you understand?
6 　　　　　THE DEFENDANT: Yes.
7 　　　　　THE COURT: Now if you wouldn't mind stand up so we
8 can swear you in.
9 (AT THIS TIME THE DEFENDANT, MICHAEL RIZZI, WAS SWORN.)
10 　　　　　THE COURT: Have a seat, please.  Mr. Rizzi, do you
11 understand that having been sworn your answers to my questions
12 will be subject to the penalties of perjury or of making a
13 false statement if you do not answer truthfully?
14 　　　　　THE DEFENDANT: Yes.
15 　　　　　THE COURT: How old are you, sir?
16 　　　　　THE DEFENDANT: 52.
17 　　　　　THE COURT:  What schooling or education have you
18 completed?
19 　　　　　THE DEFENDANT: I'm sorry.
20 　　　　　THE COURT: What schooling or education have you
21 completed?
22 　　　　　THE DEFENDANT: High school.
23 　　　　　THE COURT:  Have you had any difficulty in
24 communicating with Mr. Druker?
25 　　　　　THE DEFENDANT:  No.

1         THE COURT: Mr. Druker, have you had any difficulty
2 communicating with Mr. Rizzi?
3         MR. DRUKER: No, Judge.
4         THE COURT: Mr. Rizzi, are you presently or have you
5 recently been under the care of a physician or a psychiatrist?
6         THE DEFENDANT: No.
7         THE COURT: In the past 24 hours have you taken any
8 narcotic drugs, medicine or pills or drunk any alcoholic
9 beverages?
10        THE DEFENDANT: No.
11        THE COURT: Have you ever been hospitalized or
12 treated for narcotic addition?
13        THE DEFENDANT: No.
14        THE COURT: Is your mind clear?
15        THE DEFENDANT: Yes.
16        THE COURT: And do you understand what's going on
17 here today?
18        THE DEFENDANT: Yes.
19        THE COURT: Mr. Druker, have you discussed this
20 matter with your client?
21        MR. DRUKER: Yes, sir.
22        THE COURT: Does he understand the rights he'll
23 waiving by pleading guilty?
24        MR. DRUKER: Yes, he does.
25        THE COURT: Is he capable of understanding the nature

1  of these proceedings?
2          MR. DRUKER: Yes, he is.
3          THE COURT:  Do you have any doubt as to his
4  competence to plead at this time?
5          MR. DRUKER: None.
6          THE COURT:  Have you advised him the maximum sentence
7  and fine that can be imposed and have you discussed with him
8  the operation of the sentencing guidelines?
9          MR. DRUKER: Yes.
10         THE COURT:  Mr. Rizzi, have you had an opportunity to
11 discuss your case with Mr. Druker and are you satisfied to have
12 him represent you?
13         THE DEFENDANT: Yes.
14         THE COURT:  Have you received a copy of the
15 information in this case?
16         THE DEFENDANT: Yes.
17         THE COURT: I should also add I guess a little bit
18 belatedly you've also agreed to waive presentiment to a grand
19 jury and waive indictment in this case.  Is that correct, Mr.
20 Druker?
21         MR. DRUKER: Yes.
22         THE COURT: Do you understand the charge that you
23 intend to plead guilty to today?
24         THE DEFENDANT: Yes.
25         THE COURT: Mr. Rizzi, the first and most important

1  thing you must understand is that you do not have to plead
2  guilty even if you are guilty.  Under our system of law, the
3  prosecutor has the burden of proving the guilt of the defendant
4  beyond a reasonable doubt.  If the prosecutor is unable to meet
5  his burden of proof, the jury has a duty to find the defendant
6  not guilty even if he is guilty.  Do you understand?
7          THE DEFENDANT:  Yes.
8          THE COURT:  So that it sometimes happens in American
9  courtrooms the jury has returned a verdict of not guilty even
10 though everybody in the courtroom knew that the defendant was
11 guilty.  What the jury was saying in those cases is not that
12 the defendant was innocent, but rather that the prosecutor had
13 failed to meet his burden of proving that the defendant was
14 guilty.  Do you understand?
15         THE DEFENDANT:  Yes.
16         THE COURT:  So that is why I say even if you are
17 guilty, you have a choice.  You may plead guilty as you
18 apparently wish to do, or you may say to the Government prove
19 it, meet your burden of proving my guilt beyond a reasonable
20 doubt.  The way you exercise that option is by saying not
21 guilty when I ask you how do you plead.  Do you understand?
22         THE DEFENDANT:  Yes.
23         THE COURT:  If you persist in your plea of not
24 guilty, under the constitution and laws of the United States
25 you're entitled to a speedy and public trial by jury with the

1 assistance of counsel on the charges contained in the
2 indictment.  You have the right to be represented by counsel
3 and if necessary, have the Court appoint counsel at trial and
4 every other stage of the proceeding.  Do you understand?
5          THE DEFENDANT:  Yes.
6          THE COURT:  At the trial, you would be presumed
7 innocent and the Government would have to overcome that
8 presumption and prove you guilty by competent evidence and
9 beyond a reasonable doubt.  You would not have to prove that
10 you were innocent.  If the Government were to fail, the
11 jury would have the duty to find you not guilty.  Do you
12 understand?
13          THE DEFENDANT:  Yes.
14          THE COURT:  By pleading guilty, you are relieving the
15 Government of the burden of proving that you were guilty and
16 you are admitting your guilt.  Do you understand?
17          THE DEFENDANT:  Yes.
18          THE COURT:  In the course of the trial witnesses for
19 the Government would have to come to Court and testify in your
20 presence and your counsel would have the right to cross examine
21 the witnesses for the Government, to object to evidence offered
22 by the Government, to offer evidence on your behalf including
23 the right to compel the attendance of witnesses.  Do you
24 understand?
25          THE DEFENDANT:  Yes.

1  THE COURT: At a trial, while you would have the
2  right to testify if you chose to do so, you could not be
3  required to testify. Under the Constitution of the United
4  States, a defendant in a criminal case cannot be forced to take
5  the witness stand at his trial and say anything that could be
6  used to show that he is guilty of the crime with which he is
7  charged. If you decided not to testify, the Court would
8  instruct the jury that they could not hold that against you.
9  Do you understand?
10  THE DEFENDANT: Yes.
11  THE COURT: If you plead guilty, I will have to ask
12  you questions about what you did in order to satisfy myself
13  that you are guilty of the charge to which you seek to plead
14  guilty and you will have to answer my questions and acknowledge
15  your guilt. Thus, you will be giving up the right that I have
16  just described, that is the right not to say anything that
17  would show that you are guilty of the crime with which you are
18  charged. Do you understand?
19  THE DEFENDANT: Yes.
20  THE COURT: If you plead guilty and I recommend that
21  Judge Spatt accept you plea, you will be giving up your
22  constitutional right to a trial and the other rights I have
23  just discussed. There will be no further trial of any kind and
24  no right to an appeal. Judge Spatt will simply enter a
25  judgment of guilty on the basis of your guilty plea. Do you

1 understand?

2 THE DEFENDANT: Yes.

3 THE COURT: Are you willing to give up your right to
4 a trial and the other rights that I have just discussed?

5 THE DEFENDANT: Yes.

6 THE COURT: Okay. I have marked the Plea Agreement
7 in this case as Court Exhibit 1.

8 (Court Exhibit 1, Marked.)

9 THE COURT: Have you reviewed it with Mr. Druker and
10 understand it?

11 THE DEFENDANT: Yes.

12 THE COURT: Does that adequately represent the
13 agreement that you have reached with the Government?

14 THE DEFENDANT: Yes.

15 THE COURT: Has anyone made any promises to you that
16 have caused you to plead guilty?

17 THE DEFENDANT: No.

18 THE COURT: Has anyone made any promises to you as to
19 what your sentence will be?

20 THE DEFENDANT: No.

21 THE COURT: Mr. Rizzi, I now want to discuss with you
22 the sentencing scheme that is applicable here. It's my
23 understanding that you intend to plead guilty to Count 2 of an
24 information that charges you with failure to collect taxes.
25 That charges carries the following statutory penalties. A

maximum term of imprisonment of five years. There is no minimum term of imprisonment. A maximum supervised release term of three years to follow any term of imprisonment, a maximum fine of $250,000.00, restitution with respect to defendant's tax liabilities that may be ordered by Judge Spatt, $100.00 special assessment, and the costs of the prosecution. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: There are presently in effect sentencing guidelines. They're really rules of law that guide the District Court's discretion in imposing a sentence. The guidelines suggest how high a sentence can be imposed and how low a sentence can be imposed. Moreover, there may be factors present that would allow Judge Spatt to depart from the guidelines upwardly or downwardly. Until sentencing when the Court receives a pre-sentence report and the Court hears from you and your attorney, you cannot know for certain what your sentence will be. Do you understand?

THE DEFENDANT: Yes.

THE COURT: Judge Spatt has asked me to also advise you that under a recent Supreme Court decision the guideline sentencing range is not mandatory. In other words, Judge Spatt must consider the guideline sentencing range but he is not compelled to sentence you within that range.

After considering the sentencing guidelines range he

1  must consider all the other factors in your case.  He must
2  consider the statutory reasons for sentence -- sentencing,
3  including the nature and circumstances of the offense and the
4  history and characteristics of the defendant, the need for the
5  sentence imposed to reflect the seriousness of the offense, to
6  promote respect for the law and provide just punishment for the
7  offense, the need to avoid deterrence as to other criminal
8  conduct and the need to protect the public from further crimes
9  of the defendant.
10          He then must determine a sentence that is reasonable
11 after considering the sentencing guideline range and all of the
12 circumstances I've discussed with you.  Do you understand that?
13          THE DEFENDANT: Yes.
14          THE COURT: The Government nonetheless has estimated
15 the guidelines range.  That's found in Paragraph 2 of your Plea
16 Agreement.  After adjusted levels come up with a guideline
17 range of 12.  That carries a range of imprisonment of 10 to 16
18 months assuming that you're in criminal history 1.  Do you
19 understand that?
20          THE DEFENDANT: Yes.
21          THE COURT: Have you reviewed that with Mr. Druker and
22 understand it all?
23          THE DEFENDANT: Yes, I have.
24          THE COURT: Before we proceed any further, do you have
25 any questions you would like to ask me about this charge or

```
 1  your rights or anything else that relates to this matter?
 2              THE DEFENDANT: No, Your Honor.
 3              THE COURT: Are you ready to plead?
 4              THE DEFENDANT: Yes.
 5              THE COURT: Mr. Druker, do you know any reason why the
 6  defendant should not plead guilty?
 7              MR. DRUKER: No, Your Honor.
 8              THE COURT:  Are you aware of any legal defenses to
 9  the charge?
10              MR. DRUKER: No, Your Honor.
11              THE COURT: Mr. Rizzi, what is your plea to Count 2 of
12  the information which charges you with willful failure to
13  collect and pay over taxes?
14              THE DEFENDANT: Guilty.
15              THE COURT: Are you making this plea of guilty
16  voluntarily and of your own free will?
17              THE DEFENDANT: Yes.
18              THE COURT:  Has anyone threatened or forced you to
19  plead guilty?
20              THE DEFENDANT: No.
21              THE COURT:  Once again, has anyone made any promises
22  to you as to what your sentence will be?
23              THE DEFENDANT: No, they haven't.
24              THE COURT: Did you as charged in that count on or
25  about July 31, 2007 for the first quarter taxes of 2007 fail to
```

1  pay over to the Government the amount of $5,045.18?

2  THE DEFENDANT: Yes.

3  THE COURT: Tell me in your own words what it is that
4  you did that makes you guilty of that crime.

5  THE DEFENDANT: From the third quarter of 2005 through
6  the fourth quarter of 2007 I was the owner of the Pinegrove
7  Inn, a restaurant located in Patchogue in the Eastern District
8  of New York.  During that time I had a duty to collect the
9  amount for and to pay over to the Internal Revenue Service
10 Federal Insurance Contributions Acts of the FICA taxes and to
11 file an employee's quarterly federal tax return form 941.  I
12 knowingly and intentionally did not file the forms 941.

13 Additionally, during all four quarters of 2007 I
14 failed to collect and account for and pay over to the Internal
15 Revenue Service Federal Contribution Act taxes in the amount
16 exceeding $20,000.00.

17 THE COURT: Very well. Is that allocution satisfactory
18 to the Government?

19 MR. CAFFARONE: Yes, Your Honor.  Thank you.

20 THE COURT: All right.  Based on the information
21 that's been given to me, I find that the defendant is acting
22 voluntarily, that he fully understands his rights and the
23 consequences of his plea, and that there is a factual basis for
24 the plea.  I therefore will recommend that Judge Spatt accept
25 the plea of guilty to Count 2 of the information.

1          Do we have a sentencing date?

2          THE CLERK: Yes, it's on the stickie.

3          MR. CAFFARONE: October 11th, Your Honor.

4          THE COURT: Judge Spatt has set a sentencing date of October 11, 2013 at eleven a.m.

6          What's the Government's position regarding detention?

7          MR. CAFFARONE: Yes, Your Honor. The Government believes consistent with Pretrial Services Report that a personal recognizance bond is warranted. The travel should be restricted to the continental United States. He doesn't have a passport. He shouldn't apply for a passport and just have telephone reporting once a month should be sufficient.

13         THE COURT: Mr. Druker.

14         MR. DRUKER: That's our understanding as well, Your Honor. We accept that.

16         THE COURT: Mr. Rizzi, I'm prepared to release you today in your own recognizance on a personal recognizance bond in the amount of $50,000.00. What that amounts to is your promise to appear here each and every time you're required to do so. Do you understand?

21         THE DEFENDANT: Yes.

22         THE COURT: Should you fail to appear when required to do so the Government can seek to foreclose the amount of that bond against you.

25         Further, conditions of your release, I'm restricting

1  your travel to the continental United States.  I'm directing
2  you not to apply for a passport and that you're placed under
3  the expressed supervision of the Pretrial Services Agency and
4  you should contact them once a month by phone.  Do you
5  understand that?
6      THE DEFENDANT: Yes, Your Honor.
7      THE COURT: If you violate any of those conditions the
8  Government can seek to foreclose that bond against you as well.
9  Do you understand that?
10     THE DEFENDANT: Yes.
11     THE COURT: Anything else on behalf of the Government,
12 Mr. Caffarone?
13     MR. CAFFARONE: Your Honor, the only one item is just
14 a housekeeping item.  The defendant waived indictment.  There
15 were four counts in the indictment.  He pled guilty to Count 2.
16 I just -- he's pleading not guilty to the other three counts.
17     THE COURT: In the information.
18     MR. CAFFARONE: For the record, yes.  And that at
19 sentencing the Government has agreed to dismiss those counts
20 but that will be done at sentencing.
21     THE COURT: Do you agree with that, Mr. Druker?
22     MR. DRUKER: Yes.
23     THE COURT: Very well.
24     MR. CAFFARONE: Thank you, Your Honor.
25     MR. DRUKER: Thank you.

1  MR. DRUKER: I just have one more brief application.
2  Based upon Mr. Rizzi's financial situation I was going to
3  [inaudible] Court that [inaudible] Druker be allowed to
4  represent Mr. Rizzi under CJA, that we be appointed under CJA.
5  THE COURT: I didn't hear the first part of that.
6  MR. DRUKER: That I would ask the Court that Mr.
7  Druker be permitted to be appointed to represent Mr. Rizzi
8  under the CJA.
9  THE COURT: I can't appoint a law firm pursuant to
10 CJA.  Who's on the panel?
11 MR. DRUKER: I believe my father.  I know I'm not.  I
12 believe my father is.
13 [Pause in proceedings.]
14 THE COURT: If he is I will.
15 MR. DRUKER: Thank you.
16 [Pause in proceedings.]
17 THE CLERK: He's not on the CJA.
18 THE COURT: He's not?
19 THE CLERK: No, he's not on the CJA.
20 THE COURT: You're dad's not and I'm sure John's not
21 either.
22 MR. DRUKER: I guess we'll remain [inaudible].  Thank
23 you.
24 MR. CAFFARONE: Thank you, Your Honor.
25 THE COURT: One of those lessons.  Thank you both.

1    MR. CAFFARONE:  Thank you.
2  (Proceedings ended at 12:08 p.m.)
3                           *  *  *  *  *  *

1     I certify that the foregoing is a court transcript
2  from an electronic sound recording of the proceedings in the
3  above-entitled matter.
4
5                                    _____
6                                           Shari Riemer
7  Dated:  August 27, 2013